IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| FRANCIS P. CIOCIOLA | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No.: 15-cv-01451-CCB |
| BALTIMORE CITY BOARD OF SCHOOLS COMMISSIONERS | * |
| | * |
| | * |
| Defendant. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S MOTION FOR LEAVE TO FILE HIS SECOND AMENDED PLEADING

Plaintiff, by and through his attorneys, George A. Rose, Esquire, John J. Leppler, Esquire, and the law firm, Rose Law Firm, LLC, hereby requests leave of this Honorable Court for Plaintiff to file his second amended pleading, and in support thereof states:

### I.     BACKGROUND PERTINENT TO THIS MOTION

1.     Plaintiff is Mr. Francis P. Ciociola and the Defendant, Baltimore City Board of Schools Commissioners, (hereinafter "Defendant") is Plaintiff's employer at all times pertinent hereto.

2.     Initially, Plaintiff sued Defendant BCBSC for employment and race discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C Sections 20003 et. seq., ("Title VII"), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq. Specifically; (1) Disparate Treatment Race Discrimination in Violation of Title VII; and (2) Age Discrimination in Violation of the ADEA.

3.     On January 12, 2016, this Court granted Plaintiff leave to file his Amended Complaint and Jury Demand (*See* Dkt. #18 and Dkt. #19). Furthermore, in this Court's Opinion

1

and granted Plaintiff leave to amend his amended pleading, the Court stated among other things, "…Ciociola has alleged facts sufficient to state a plausible claim of discrimination on the basis of age and race, <u>and retaliation on the basis of race</u>. Defendant's motion to dismiss will be denied." *See* Dkt #17 at p. 11 and *See* Dkt. #18) (emphasis added).

4.      Pursuant to Magistrate Judge Mark J. Coulson's 09/29/2016 order, discovery in this litigation was extended to November 15, 2016. (*See* Dkt. #38).

5.      Plaintiff now requests leave to file his second amended complaint. In his second amended complaint, Plaintiff stated <u>the same factual allegations</u> that were set forth in his amended pleading to support his claims against Defendant, *See* Dkt. #19, and added a retaliation claim against Defendant in his second amended pleading.

## II.      LEGAL STANDARD

Leave to amend a pleading "shall be freely given when justice so requires." *See* Fed. R. Civ. P.15(a). The U.S. Supreme Court has declared that "this mandate is to be heeded." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962). The law is well settled "that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." <u>Johnson v. Oroweat Foods Co</u>., 785 F.2d 503, 509 (4th Cir. 1986.) Additionally, delay alone is an insufficient reason to deny leave to amend. <u>Edwards v. City of Goldsboro</u>, 178 178 F.3d 231 (4th Cir. 1999). Rather, the delay must be accompanied by prejudice, bad faith, or futility, and merely seeking to conform the pleadings to the evidence and clarify the complaint with facts as a result of admissions made in discovery does not amount to prejudice against the defendant. *See* <u>Id.</u> (citing <u>Johnson</u>, 285 F.2d 503 at 509). Additionally, if the adversary chooses to challenge a party's motion for leave to amend its Complaint. Furthermore, Additionally, the movant must

also show good cause for the amended pleading. <u>Sosa v. Airprint Sys., Inc</u>.,133 F.3d 1417, 1419 (11th Cir. 1998). Finally, this court applies the standard applicable to 12(b)(6) *motion to dismiss* in determining whether Plaintiff's amended complaint is futile, and when determining this the court "must accept as true all of the factual allegations contained in the complaint", and the "plaintiff is not required to plead facts that constitute a prima facie case of her legal claims but must be enough to raise a right to relief above the speculative level." <u>Coleman v. Maryland Court of Appeals, et al.</u>, 626 F.3d 3d 187 (4th Cir. 2010).

### III.    ARGUMENT

Plaintiff should be granted the opportunity to amend his complaint by leave of this court. Plaintiff can show good cause for Plaintiff's second amended complaint, his second amended complaint is not futile and it is not made in bad faith, or will cause undue delay,

**A.    <u>Plaintiff's Second Amended Pleading is Not Futile</u>**.

Plaintiff's claim of retaliation against Defendant BCBSC is not futile. In this Court's Opinion granting Plaintiff leave to amend his amended pleading, this Court stated among other things, "…Ciociola has alleged facts sufficient to state a plausible claim of discrimination on the basis of age and race, <u>and retaliation on the basis of race</u>." *See* Dkt #17 at p. 11 and *See* Dkt. #18) (emphasis added).  Furthermore, ongoing formal discovery in the matter has produced additional evidence supporting Plaintiff's retaliation claim.

**B.    <u>There is No Undue Delay by Plaintiff filing his Second Amended Pleading and Defendant Suffers No Prejudice by Plaintiff filing His Second Amended Pleading</u>**.

Although Plaintiff and this court recognized Plaintiff's potential retaliation claim early in the litigation, Plaintiff only determined the claim to be viable after discovery, in particular, the

deposition of Chief Marshall Goodwin in September 2016, against whom Plaintiff had participated in protected activities.

There is no prejudice to Defendant BCBSC as the amendments are not contrary to the scope of this case and  Defendant  BCBSC was on notice about Plaintiff's retaliation claim, when this Court   stated that Plaintiff's first amended complaint pled factual allegations that support a retaliation claim  against Defendant. Furthermore, Defendant will have ample time to conduct discovery on this claim since discovery was extended until November 15, 2016.

### C.    Plaintiff Has Good Cause for Filing His Second Amended Pleading.

Plaintiff has a legitimate and viable claim for retaliation against Defendant BCBSC. Plaintiff now seek to add this claim of retaliation after facts and information glean from discovery shows Plaintiff's claim to be viable. For the following reasons: (1) The factual allegations to support this retaliation claim are identical to the factual allegations set forth in Plaintiff's first amended pleading; (2) the Court previously stated Plaintiff's factual allegations in his first amended complaint support a retaliation claim; (3) discovery is ongoing in this action; and (4) evidence to support Plaintiff's claims and factual allegations manifested from the discovery depositions of Defendant's employees, including Defendant's Fed. R. Civ. P. 30(b)(6) corporate designee, Jerome Jones, and Plaintiff's supervisor, Chief Goodwin, which took place within the last two months, Plaintiff does not lack diligence and has good cause for filing his second amended pleading.

## IV.    CONCLUSION

Because good cause exists and there is no prejudice, bad faith, or undue delay, Plaintiff asks the Court to grant him leave to file his second amended pleading.

4

Respectfully submitted,

*/s/ John J. Leppler*

John J. Leppler, Esq. #19736
George Rose, Esq. #26086
Rose Law Firm, LLC
200 E. Lexington Street, Suite 1305
Baltimore MD 21202
Telephone: 410-727-7555
Facsimile: 443-320-0962
Email: grose@roselawfirm.net
Email: attorneyleppler@roselawfirm.net
Attorneys for Plaintiff Francis P. Ciociola

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of October 2016, the foregoing Plaintiff's motion for leave to file his second amended pleading was served by electronic mail through the court's CM/ECF system on: Tamal A. Banton, Senior Counsel, Office of Legal Counsel, and Marla Y. Johnson Baltimore City Public Schools, 200 East North Avenue, Suite 208 , Baltimore, Maryland 21202, (tabanton@bcps.k12.md.us), (MYJohnson@bcps.k12.md.us), attorneys for Defendant.

Respectfully submitted,

*/s/ John J. Leppler*
_____

John J. Leppler, Esquire

**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **FRANCIS P. CIOCIOLA** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **Civil Action No.: 15-cv-01451-CCB** |
| **BALTIMORE CITY BOARD OF SCHOOLS** | * | |
| **COMMISSIONERS** | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

After considering Plaintiff's motion for leave to file his second amended pleading, and any

paper work and/or oral arguments related thereto, it is on this _____ day of _____

2016, the Court

      1.      **GRANTS** Plaintiff leave to file his second amended pleading; and

      2.      **GRANTS** Plaintiff any such other relief the cause may require.

SIGNED on _____UU, 2016

                                      _____
                                        U.S. DISTRICT JUDGE