IN THE UNITED STATES DISCTRICT COURT FOR
THE DISTRICT OF MARYLAND
**(Northern Division)**

| | | |
|---|---|---|
| **FRANCIS CIOCIOLA** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO.: 15-cv-01451-CCB |
| | * | |
| BALTIMORE CITY BOARD OF | * | |
| **SCHOOLS COMMISSIONERS** | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

NOW COMES the Baltimore City Board of School Commissioners (the "Board" or "Defendant"), Defendant, by its attorneys, Marla Y. Johnson, Associate Counsel, and Tamal A. Banton, Senior Counsel, pursuant to Fed. R. Civ. P. 37 and L.R. 104.7 and 104.8, and in response to Plaintiff's Motion to Compel says:

1. On October 12, 2016, Plaintiff Francis Ciociola ("Plaintiff") filed a Motion to Compel, alleging Defendant's failure to comply with this Court's Order, dated September 30, 2016, requiring Defendant to supplement its discovery responses.

2. The Court's Order required that Defendant supplement its discovery responses to Plaintiff by October 11, 2016. On October 11, 2016, the Board mailed to Plaintiff, via certified mail (*See* **Exhibit A**), a CD containing over 900 pages of supplemental discovery responses, and thus, was in compliance with the Court's

Order. *See* Fed. R. Civ P. 6(d). Furthermore, because Plaintiff has continually claimed to have not received any of Defendant's mailings, Defendant sent its responses by certified mail to ensure that the discovery documents would in fact be received by Plaintiff and/or were trackable in the event Plaintiff ever asserted, as he attempts to do now, that Defendant's failed to produce supplemental discovery as this Court has ordered.

3. Upon receipt of Plaintiff's filing of his Motion to Compel[1], Defendant immediately contacted Plaintiff and explained that the documents had been mailed on October 11, 2016 (***See* Exhibit B**), and requested that Plaintiff withdraw its Motion to Compel as it is now moot.  Plaintiff has refused to do so even after having received the documents produce by certified mail on October 14, 2016 (***See* Exhibit A**).

4. Counsel for Plaintiff and Defendant discussed the status of the discovery documents via telephone on October 14, 2016.  Defendant informed Plaintiff that, according to the tracking number, the supplemental responses would be delivered on that day.  Counsel for Defendant, as a sign of good-faith that the documents were in fact available to Plaintiff, offered to send the supplemental documents directly to Plaintiff's counsel through electronic mail ("Email"); however, that offered was rebuffed.  Counsel for Plaintiff also informed Counsel for Defendant that they would no longer work with Defendant and its counsel to coordinate

---

[1] Prior to filing the pending motion to compel, Plaintiff's counsel failed to contact counsel for Defendant to make any good-faith effort to verify that Defendant in fact failed to produce discovery, or whether there was an issue relating to the process of discovery production.

additional discovery, including but not limited to the scheduling of depositions. (*See* **Exhibits B and C**). Hence, counsel for Plaintiff made it clear that they would not make any good-faith attempts and/or efforts to cooperate with Defendant's counsel in this case. Despite Plaintiff's desire not to receive the documents via email, Defendant nevertheless emailed the Board's supplemental interrogatory responses to Plaintiff so that his counsel would at least have electronic copies of what was mailed on October 11, 2016.

5. Fed. R. Civ. P. 37(a)(1) expressly requires that a motion to compel "must include a certification that the movant has in good-faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See* Fed. R. Civ. P. 37(a)(1). Local Rule 104.7 explicitly states:

> The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court.

6. Plaintiff's Motion to Compel fails to meet the express requirements of both Fed. R. Civ. P. 37(a)(1) and L.R. 104.7 in that Plaintiff has failed to substantially demonstrate good-faith discovery attempts and has failed to identify the "date, time and place of the discovery conference." In fact, as stated above herein, Plaintiff's counsel does not believe it is required to engage in good-faith discovery communications with counsel for Defendant.

7. Plaintiff filed its Motion to Compel without conferring with Defendant about its supplemental discovery responses. Plaintiff failed to make attempts to resolve this discovery issue through a conference with Defendant. Thus, Plaintiff has not satisfied the requirements of Local Rule 104.7.

8. For the foregoing reasons, Plaintiff's Motion to Compel should be stricken and/or denied because Plaintiff has failed to comply with the Local Rules relating to discovery and motions to compel. Additionally, Plaintiff's Motion should be stricken as it is now moot being that Plaintiff has received supplement discovery responses by both certified mail and electronic mail.

WHEREFORE, Defendant respectfully requests that this Court strike Plaintiff's Motion to Compel in its entirety.

Respectfully submitted,


/s/
Tamal A. Banton, Federal Bar No. 27206
Senior Counsel
tabanton@bcps.k12.md.us


/s/
Marla Y. Johnson, Federal Bar No. 29732
Associate Counsel
myjohnson@bcps.k12.md.us


Office of Legal Counsel –
Baltimore City Public Schools
200 East North Avenue, Suite 208
Baltimore, Maryland 21202
(410) 396-8542 telephone
(410) 396-2955 facsimile
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 31st day of October 2016, a copy of the foregoing Defendants' Motion to Strike, or in the alternative, Opposition Motion was emailed to:

> George A. Rose, Esq., # 26086
> Rose Law Firm, LLC
> 200 E. Lexington Street, Suite 1305
> Baltimore, MD.  21202
> Telephone #: 410-727-7555
> Facsimile #: 443-320-0962
> Email: grose@roselawfirm.net
> *Counsel for Plaintiff Francis Ciociola*

                      /s/                                              
           Marla Y. Johnson