IN THE UNITED STATES DISCTRICT COURT FOR
THE DISTRICT OF MARYLAND
**(Northern Division)**

| | | |
|---|---|---|
| **FRANCIS CIOCIOLA** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO.: 15-cv-01451-CCB |
| | * | |
| **BALTIMORE CITY BOARD OF** | * | |
| **SCHOOLS COMMISSIONERS** | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

# DEFENDANT'S OPPOSITION TO PLAINTIFF"S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

NOW COMES the Defendant, Baltimore City Board of School Commissioners (the "Board" or "Defendant"), by its attorneys, Marla Y. Johnson, Associate Counsel, and Tamal A. Banton, Senior Counsel, pursuant to Fed. R. Civ. P. 15(a), in response to Plaintiff's motion for leave to file a second amended complaint and states:

1. Plaintiff Francis P. Ciociola ("Plaintiff") has been employed as a police officer with the Board since August 23, 2004. (*See* ECF No. 19-1, ¶ 8) Plaintiff has always alleged, including in his Amended Complaint, that he was injured on the job on March 23, 2012 and that the Board has not returned him to work and discriminated against him by sending him a Board Rule 405.03 letter. (*See* ECF No. 19-1, ¶¶ 8-29).

2. Plaintiff claims that he was only made aware that his potential retaliation claim was viable after the deposition of Chief Marshall Goodwin in September of 2016.

However, Plaintiff was aware, as early as January 12, 2016, that the facts alleged in his Complaint could support a retaliation claim. This Court has stated that "Ciociola has alleged facts sufficient to state a plausible claim of … retaliation on the basis of race." (*See* ECF No. 17, pg. 11)  Despite this notice of a potential claim of retaliation, Plaintiff failed to amend his Complaint and waited until October 2016, practically on the eve of the discovery deadline, and well after the original discovery deadline of September 16, 2016, to amend his pleadings, to seek to amend his Complaint to add an allegation of retaliation.

3. Although Fed. R. Civ. P. 15(a) "is generous, the Court may, in its discretion, deny a motion to amend if the product of undue delay and if prejudice would result to the non-movant." *See Redding v. Anne Arundel County,* 996 F. Supp. 488, 491 (D. Md. 1998)(*citing In re Jeffrey Bigelow Design Group, Inc.* 956 F.2d 479, 482 (4th Cir. 1992)).  It has been held that courts "should freely grant leave when justice so requires" and "should deny a motion to amend only if the opposing party would be subject to undue prejudice, the movant acted with bad faith, or the amendment would be futile." *See Costar Realty Info., Inc. v. Field,* 737 F. Supp. 2d 496, 503 (D. Md. 2010).

4. In *Redding, supra,* Plaintiff's counsel had eight months to develop information through discovery and with a summary judgment motion pending, Plaintiff "waited until after the close of discovery" to move for leave to file an amended complaint. *See Redding,* 996 F. Supp. at 491.

5. In this case, the discovery period was more than 7 months and Plaintiff had the period extended for an additional two months. Plaintiff had knowledge of this potential claim during the entire discovery period and could have added the count and/or claim that he now seeks to add in to his prior amended complaint filed in January of 2016. (*See* ECF No. 14).

6. Instead, Plaintiff waited until less than a month prior to the expiration of discovery to seek leave for a second amended complaint when, as stated above, he had knowledge of the facts he was alleging could support a retaliation claim. Because Plaintiff now seeks to add a claim based upon information he had knowledge of long before this case was filed and that could have, at the least, been added in his first amended complaint when the Court put him on notice of the potential of such a claim, Plaintiff's motion for leave to amend is certainly untimely and definitively indicative of "bad faith;" and therefore, should be denied. *See Redding* at 491.  *See also Fields,* 737 F. Supp. 2d at 504.

7. Furthermore, even if this Court finds that the motion for leave to amend in not untimely, it must be denied as the Court lacks jurisdiction over Plaintiff's claim of retaliation because Plaintiff has failed to exhaust his administrative remedies relating to any allegations of retaliation. Thus, any attempt to add such a count to Plaintiff's Complaint would be futile.

8. It is well-established that before a plaintiff has standing to file suit under Title VII, the Plaintiff must exhaust all administrative remedies by filing a charge with the

EEOC. *Miles v. Dell, Inc.* 429 F.3d 480 at 491 (4th Cir. 2005), *quoting Bryant v. Bell Atlantic Maryland, Inc.* 288 F.3d 124, 132 (4th Cir. 2002). After the filing of such a charge and the receipt of a right to sue letter a person may file a civil action; the "scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Id*. The claims in the judicial complaint must be reasonably related and "expected to follow from a reasonable administrative investigation." *Miles*, 429 F.3d at 491, *quoting Smith v. First Union Nat'l Bank,* 202 F.3d 234 (4th Cir. 2000). An act of retaliation must either be specifically alleged or "reasonably related" to the charge. *See Miles*, 429 F.3d at 492.

9. Plaintiff's EEO Charge of Discrimination fails to mention any set of facts that could be reasonably related to Plaintiff's claim of retaliation. (*See* Plaintiff's EEO Charge attached hereto as **Exhibit A**). Plaintiff asserts that he was retaliated against because he participated in a vote of no confidence that was directed at School Police Chief Marshall Goodwin. Plaintiff's EEO Charge fails to mention the vote of no confidence or Chief Goodwin. In fact, the sole focus of Plaintiff's Charge is his on-the-job injury and his allegation that he was not returned to full duty immediately.

10. Defendant was not put on notice of any potential retaliation claim when Plaintiff filed his Charge. Because Plaintiff did not explicitly allege retaliation and the facts in his Charge could not have put Defendant on notice of such a claim, Plaintiff has

failed to exhaust his administrative remedies in regard to this claim. *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 574-575 (E.D. Va. 2009).

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion for leave to file a second amended complaint.

                                                Respectfully submitted,

                                                _____/s/_____
Tamal A. Banton, Federal Bar No. 27206
Senior Counsel
tabanton@bcps.k12.md.us


                                                _____/s/_____
Marla Y. Johnson, Federal Bar No. 29732
Associate Counsel
myjohnson@bcps.k12.md.us


Office of Legal Counsel –
Baltimore City Public Schools
200 East North Avenue, Suite 208
Baltimore, Maryland 21202
(410) 396-8542 telephone
(410) 396-2955 facsimile
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 4th day of November 2016, a copy of the foregoing Defendant's Opposition was emailed to:

>George A. Rose, Esq., # 26086
>Rose Law Firm, LLC
>200 E. Lexington Street, Suite 1305
>Baltimore, MD.  21202
>Telephone #: 410-727-7555
>Facsimile #: 443-320-0962
>Email: grose@roselawfirm.net
>*Counsel for Plaintiff Francis Ciociola*

_____/s/_____
Marla Y. Johnson