IN THE UNITED STATES DISCTRICT COURT FOR
THE DISTRICT OF MARYLAND
**(Northern Division)**

FRANCIS CIOCIOLA   *

    Plaintiff,   *

   v.   *    Civil Action No. CCB-15-1451

BALTIMORE CITY BOARD OF   *
SCHOOLS COMMISSIONERS
        *
    Defendant.
        *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT's OPPOSITION TO PLAINTIFF's COSTS AND FEES STATEMENT

NOW COMES the Defendant, Baltimore City Board of School Commissioners ("BCBSC" or "Defendant"), by and through the undersigned attorneys, pursuant to Fed. R. Civ. P. 37, in response to Plaintiff's Costs and Fees Statement, and says:

1.  In the case *sub judice*, Defendant asserts that attorney's fees should not be awarded as there has been no abuse of discovery and Defendant has complied with all discovery obligations. At no point during discovery has Defendant ever refused to disclose any information to which Plaintiff is entitled. Additionally, at no point has Defendant violated any court orders related to discovery. In fact, Defendant has gone above and beyond what Plaintiff has requested in discovery; and has in fact provided Plaintiff access to information and records that are completely irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence simply because Plaintiff has requested it, including but not limited to discovery not ever requested in any discovery request

propounded upon Defendant. Thus, Defendant has not withheld and/or failed to timely produce any records relating to a production request propounded by Plaintiff. Furthermore, Plaintiff has not been unfairly prejudiced by Defendant's ESI production or Plaintiff's contention of a non-production of ESI records in that the ESI documents that form the basis of his motion to compel and/or for sanctions is not premised upon any specific request for production of documents, but instead, informal requests for information that Defendant agreed to accommodate Plaintiff by providing; thus, a good-faith measure to avoid a back and forth discovery exchange over information sought that was not in fact specifically requested. There have been no delays caused in this case due to any discovery disputes between the parties and Plaintiff clearly has not been prejudiced as Plaintiff has in fact filed a motion for summary judgment on schedule. (*See* ECF Nos. 69 through 69-67). Defendant's purported conduct does not merit the imposition of sanctions because Plaintiff has not established that Defendant has acted in bad-faith whatsoever. At best, Plaintiff has demonstrated that Defendant has had technological difficulties that counsel for Defendant has work through to produce ESI records to Plaintiff. In fact, Plaintiff's counsel has acknowledged and recognized that in an attempt to get the large volume of ESI records to Plaintiff, counsel for Defendant has gone so far as to use their own personal email accounts to accommodate production.

     2.    Plaintiff should not be awarded fees and costs because his Motion to Compel and for Sanctions was unnecessarily filed. Plaintiff's counsel was well aware that he had personally selected more than 200,000 documents in his ESI review, hence the multiple

trips to the office of counsel for Defendant that it took to select the documents. If only 5,000 documents had been selected, Plaintiff's counsel would have communicated that fact to counsel for Defendant, particularly after counsel for Defendant explicitly communicated that it would take some time to go through the 200,000 plus documents selected for production. As counsel for Defendant communicated, if it took counsel for Plaintiff several days, it would certainly take Defendant's counsel just as much time. Plaintiff's counsel never disputed that he selected more than 200,000 documents that he sought to have produced in less than four days and never agreed to a reasonable deadline for production based upon the communications from Defendant's counsel that more than 200,000 documents were selected; and instead, filed a motion. Thus, Plaintiff's counsel was more concerned with seeking sanctions than receiving records. If Plaintiff's counsel had in fact only selected 5,000 documents during his ESI review, those 5,000 documents would have been produced, and BCBSC agrees that such documents could have been produced in a week. The fact is, however, is that Plaintiff's counsel selected more than 200,000 documents and then represented to this Court that only 5,000 documents were selected.

3.     Plaintiff cannot contend that the more than 200,000 documents selected by his attorneys were responsive to Plaintiff's specific discovery requests. *See* ECF No. 70, Ex. O. Defendant proceeded in good faith by allowing Plaintiff as much time as needed to review all ESI records and even provided the assistance of its IT person to narrow the number of documents down to those responsive to the original search terms that both parties agreed upon. Instead of pursuing documents relevant to the instant case, or accepting assistance,

Plaintiff's counsel declined to take steps and measures given by BCBSC to limit the expansive volume of documents to relevant and reasonably calculated to lead to the discovery of admissible evidence records. Instead, Plaintiff's counsel voluntarily chose to engage in a fishing expedition and intentionally requested documents that were irrelevant and nonresponsive to any specific request for production propounded on Defendant by Plaintiff.

4. Furthermore, an award of attorney's fees and costs in the instant case is not warranted because the costs requested by Plaintiff are unreasonable, particularly since Plaintiff's counsel chose to reject measure to limit the search to instead engage in a fishing expedition. A finding of reasonableness must be made prior to any order requiring Defendant to pay such fees. *Gordon v. New England Tractor Trailer Training Sch.*, 168 F.R.D. 178 (D. Md. 1996). Additionally, Plaintiff's costs of fee statement lacks the necessary detail, as required by Local Rule 109.2(b), to even ascertain the reasonableness of the fees requested.

5. Fees and expenses can only be assessed if they flow from the underlying abuse of the discovery process. *Stillman v. Edmund Sci. Co.*, 522 F.2d 798, 801 (4th Cir. 1975). In this case, there has been no blatant or intentional abuse of the discovery process by BCBSC. BCBSC never attempted to thwart Plaintiff's access to ESI and at all times have accommodated Plaintiff, even when the requests were beyond the bounds of any specific discovery requests propounded upon BCBSC. BCBSC also never attempted to impose any objections raised in response to any discovery request by Plaintiff. It is undisputed that any

"delays" in the discovery process were the results of an unforeseen and uncontrollable technical problem that occurred within BCBSC's e-discovery program that crashed. Defendant's counsel was not able to nor could it prevent a system crash that affected not only this case, but all ESI discovery in other cases in which Defendant is involved. Thus, the e-discovery system crash was not something caused by Defendant with any intention to withhold discovery from Plaintiff. If Plaintiff had that problem, Defendant, as would any reasonable attorney, would understand that.

6. Furthermore, if any costs and fees are imposed, they should be assessed as relating to Plaintiff's Motion to Compel and/or for Sanctions filed on December 19, 2016, and nothing more. There are only two entries, both dated December 19, 2016, related to Plaintiff's Motion to Compel and/or for Sanctions. In Plaintiff's costs and fees statement, however, Plaintiff includes costs, for example, dating back to March 5, 2016 and the development of ESI search terms. If any costs and fees are assessed, it should be based upon the two specific entries. Also, costs and fees should be reasonably limited to only one attorney's time for the same work; however, the costs and fees' statement presented by Plaintiff's counsel includes costs attributable to the same work. Additionally, fees and costs should be further limited because of the numerous flaws contained within the Motion. Plaintiff's Motion contains inaccurate assertions relating to discovery in that his motion's arguments regarding Requests for Production 15, 16, and 26 are invalid. There is no dispute that BCBSC had produced responses to Requests No. 15 and No. 16 on two occasions (via first class mail and certified), prior to the filing of the motion. Additionally, Plaintiff has

never identified any issues with Defendant's production specifically related to Request No. 26. In fact, Plaintiff's counsel admitted during the hearing on February 7, 2017 that there was no dispute regarding these requests.

7.        Also, Plaintiff's Motion was not filed in accordance with Local Rule 104.8. Compliance with the rule is specifically required in the Court's Scheduling Order (ECF No. 24). At no point did Plaintiff ever make a sincere or genuine attempt to resolve the alleged dispute between the parties or conference with Defendant regarding the ESI production. Additionally, if Plaintiff was dissatisfied with the ESI review, a Motion to Compel should have been filed within 30 days of October 28, 2016, the date Plaintiff first appeared at Defendant's office to conduct the ESI Review. On that day, Defendant and Plaintiff discussed and agreed to a resolution regarding the fact that the prior search, which had produced approximately 22,0000 documents, was no longer available after the system had crashed. Defendant provided Plaintiff's two attorneys with an additional computer, i.e. making two available for use as opposed to one, and BCBSC's IT employee personally assisted Plaintiff's counsel with conducting searches within the group of emails. BCBSC provided Plaintiff with the search terms that had been agreed upon by the parties so that Plaintiff could conduct the same search that produced the 22,000 documents. At no point did Plaintiff express dissatisfaction with this resolution. Instead, as stated above, Plaintiff agreed to the resolution. Now, after spending time and seeking payment for the time spent, Plaintiff unilaterally has rescinded what was agreed to as a resolution among the parties.

8.     Finally, Plaintiff's costs related to Plaintiff's Motion to Compel and/or for Sanctions should be further reduced because the drafting of such a document is not a specialized task related to counsel's area of expertise and does not warrant a fee based upon counsel's years of experience and expertise.  *See Stewart v. VCU Health Sys. Auth.*, 2012 U.S. Dist. LEXIS 47355, at *15 (E.D. Va. 2012).

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Request for Attorney's Fees.

Respectfully submitted,


<u>                    /s/                    </u>
Tamal A. Banton, Federal Bar No. 27206
Senior Counsel
tabanton@bcps.k12.md.us


<u>                    /s/                    </u>
Marla Y. Johnson, Federal Bar No. 29732
Associate Counsel
myjohnson@bcps.k12.md.us


Office of Legal Counsel –
Baltimore City Public Schools
200 East North Avenue, Suite 208
Baltimore, Maryland 21202
(410) 396-8542 telephone
(410) 396-2955 facsimile
*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on this 24th day of February 2017, a copy of the foregoing

Defendant's Opposition to Plaintiff's Request for Attorney's Fees was emailed to:

> George A. Rose, Esq., # 26086
> Rose Law Firm, LLC
> 200 E. Lexington Street, Suite 1305
> Baltimore, MD.  21202
> Telephone #: 410-727-7555
> Facsimile #: 443-320-0962
> Email: grose@roselawfirm.net
> *Counsel for Plaintiff Francis Ciociola*

_____/s/_____
Marla Y. Johnson