**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FRANCIS P. CIOCIOLA, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. CCB-15-1451 |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

**REPLY TO PLAINTIFF'S OPPOSITION TO BCBSC's**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, the Baltimore City Board of School Commissioners ("BCBSC"), by and through its undersigned counsel, in relation to the cross-motions for summary judgment, herein replies:

## I. REPLY ARGUMENT

There is no dispute that Plaintiff, Francis Ciociola ("Plaintiff" or "Mr. Ciociola") has failed to meet the requisite qualifications to be a police officer with School Police; and thus, he is not currently qualified to be employed as a police officer. Also, there is no factual dispute that there was no tangible employment action taken by BCBSC that prevented him from being employed as a police officer with School Police. Finally, there is no evidence to support a finding that any employment actions by BCBSC were motivated

by race or age. For these reasons, in addition to the fact, Plaintiff agrees that the material facts are undisputed, summary judgment in favor of BCBSC should be granted.

Mr. Ciociola has substantively failed to present any evidence to support any claim of race or age discrimination. It is without dispute that Mr. Ciociola never returned to BCBSC to complete a skills assessment test that is required for all police officers. In fact, Mr. Ciociola's failure to return to School Police to perform and complete his skills assessment test is also demonstrative that there has been no adverse employment action taken against him. And most importantly, the skills assessment test that Mr. Ciociola has refused to return to School Police to complete is demonstrative evidence that Mr. Ciociola has voluntarily refused to meet the requisite qualifications to be employed as a police officer with School Police.

The Maryland Police Training Commission ("MPTC") is the independent state regulatory authority that issues law enforcement certifications to police officers that meet the standards established by MPTC. *See* Md. Code Ann., Pub. Safety §§ 3-207 and 3-209. *See also* Code Md. Regs. 12.04.01, *et. seq.* MPTC's regulations can be found in Title 12, Subtitle 4 of the Code of Maryland Regulations. *See* Code Md. Regs. 12.04.01, *et seq.* In said regulations, the explicit certification requirements are established therein and the law enforcement agency, i.e. School Police, is required to follow the regulations which includes but is not limited to notifying MPTC of any changes in the employment status of its police officers, filing applications for certification and/or recertification of its police officers, and ensuring that is police officers are certified and meet the MPTC standards.

*See id.* Additionally, the MPTC regulations impose a duty upon School Police as the law enforcement agency to "ensure" that its police officers have complied with the annual in-service training and qualifications established by MPTC. *See* Code Md. Regs. 12.04.01.12.

Pursuant to § 3-216 of the Public Safety Article of the Maryland Annotated Code, a "law enforcement agency," i.e. School Police, may not employ an individual as a police officer that is not certified and pursuant to § 3-219, an individual is expressly prohibited from acting as a police officer when their certification has lapsed. *See* Md. Code Ann., Pub. Safety §§ 3-216 and 3-219. Hence, BCBSC is required to have Mr. Ciociola pass his skills assessment test to not only for the purpose of regaining his position as a police officer with School Police, but also to meet the certification requirements of MPTC, which School Police has an express duty to provide to MPTC. If Mr. Ciociola cannot meet MPTC standards, he cannot be certified as a police officer by MPTC and thus, he is not qualified and/or unable to be employed as a police officer with School Police. It is without dispute that this is one of the reasons why BCBSC required that Mr. Ciociola complete the skills assessment test so that Mr. Ciociola could be eligible for employment as a police officer with School Police. In fact, as to MPTC's regulations, BCBSC's requirements for all of its police officers are requirements of MPTC for every police officer in the State of Maryland as said regulations use explicit language such as "shall" with "ensure" requiring BCBSC's compliance with the MPTC regulations, and therefore, such compliance with the MPTC regulations is not discriminatory at all, but regulatory compliance. Thus, it was not

motivated by race or age; and Mr. Ciociola has failed to produce any evidence to prove otherwise.

Another demonstration that BCBSC's actions were not motivated by race or age is that BCBSC required Mr. Ciociola to take the skills assessment test because it was a part of his final medical "Discharge Instructions" that medically cleared Mr. Ciociola to be eligible for return to employment contingent upon his passage of the skills assessment test. Mr. Ciociola has never objected to BCBSC requesting him to complete such a test, nor did he object to Dr. Levy including that requirement in the Discharge Instructions. These reasons are non-discriminatory.

Additionally, pursuant to BCBSC Board Rule 405.03, when an individual is absent repeatedly or for a prolonged period of time due to an accident or injury, the person may be asked to apply for disability retirement or may be subject to termination. There is no factual dispute that Mr. Ciociola missed a considerable amount of time after his injury before being fully cleared medically. Thus, Mr. Jones, as the Labor Relations Manager, was obligated to enforce the rules and regulations of BCBSC because that is his job. Again, a non-discriminatory reason for BCBSC's actions, which Mr. Ciociola admits, was only the sending of a letter pursuant to Board Rule 405.03, to which there were no further action.

"Employment discrimination laws require an absolute precondition to suit that some adverse employment action have occurred." *See Settle,* 34 F. Supp. 2d 969, 987 (D. Md. 1999)(*citing Bristow v. Daily Press, Inc.,* 770 F. 2d 1251, 1255 (4th Cir. 1985). In

*Settle*, the plaintiffs were African-American police officers with the Baltimore County Police Department that alleged that they experienced several acts of racial discrimination. Officer Settle alleged he received a negative performance and a transfer to another division within the police department. In said case, the Court granted summary judgment in favor of defendants because the plaintiff "failed to proffer sufficient evidence" that the incidents he cited were racially motivated. *See Settle,* 34 F. Supp. 2d at 1010. On appeal, the Fourth Circuit affirmed the Court's decision. *See Settle v. Baltimore County Police Dep't,* 2000 U.S. App LEXIS 845, *3-4 (4th Cir. 2000).

Upon review of all the evidence presented in Plaintiff's motion for summary judgment and response to BCBSC's motion for summary judgment, it is blatantly evident that Plaintiff's claims of discrimination are based upon speculation and/or circumstantial evidence that is insufficient to defeat a motion for summary judgment. *See Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954 (4th Cir. 1996); *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Communications Satellite Corp.,* 759 F.2d 355 (4th Cir. 1985). It is unquestionable that Plaintiff relies solely upon mere speculation and unreliable "gossip" to support his claims of discrimination as there he has produced absolutely no evidence meeting the required burden of proof that any employee of BCBSC, whether Jerome Jones, Chief Marshall Goodwin, or any other employee, ever took any discriminatory actions against him at any time. Therefore, summary judgment in favor of BCBSC is legally appropriate.

## II. CONCLUSION

WHEREFORE, for the reasons set forth herein, BCBSC respectfully requests that this Court grant summary judgment in its favor.

Respectfully submitted,

/s/

Tamal A. Banton, Federal Bar No. 27206
Senior Counsel
Amanda L. Costley, Federal Bar No. 30198
Associate Counsel
Office of Legal Counsel –
Baltimore City Public Schools
200 East North Avenue, Suite 208
Baltimore, Maryland 21202
(410) 396-8542 telephone
(410) 396-2955 facsimile
tabanton@bcps.k12.md.us
alcostley@bcps.k12.md.us
*Attorneys for Defendant*

Dated: April 18, 2017

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FRANCIS P. CIOCIOLA, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. CCB-15-1451 |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

<u>LIST OF UNREPORTED OPINIONS</u>

1. *Settle v. Baltimore County Police Dep't.*, 2000 U.S. App. LEXIS 845 (4th Cir. 2000)